UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRANDON CALEB )  | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00029 |
| ) | |
| CREDIT CONTROL LLC ) | |
|     Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Brandon Caleb, an individual consumer, against Defendant, Credit Control LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

3. Venue in this District is proper in that the Defendant transacts business in Haslet, Tarrant County, Texas, and the conduct complained of occurred in Haslet, Texas.

### III.   PARTIES

4. Plaintiff is a natural person residing in Haslet, Texas.

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Upon information and belief, Defendant is a Missouri corporation with its principal place of business located at 3300 Rider Trail S, Suite 500, Earth City, MO 63045 and its registered agent address as follows: C T Corporation System, 1999 Bryan St, Ste 900, Dallas, TX 75201.

7. The alleged debt at issue arises from a transaction entered into primarily for personal, family or household purposes and is therefore a "debt" as defined by the FDCPA, 15 USC § 1692a(5).

8. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

9. Defendant is engaged in the collection of debt from consumers using the mail and telephone.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

### IV.   FACTS OF THE COMPLAINT

11. On or about August 8, 2024, Plaintiff received correspondence from Defendant attempting to collect a debt in the amount of $7,782.55 allegedly owed to JP Morgan Chase Bank, N.A.

12. On September 29, 2024, Plaintiff sent a letter to Defendant via certified mail that stated, in pertinent part, "Financially, things have been really hard, and my credit has tanked I'm not going to pay this unless I can get the same credit card with Chase

again with the same credit card limit" which informed Defendant of Plaintiff's refusal to pay pursuant to 15 U.S.C. § 1692c(c).

13. Plaintiff's letter was delivered to Defendant on October 4, 2024 via USPS certified mail.

14. On or about October 7, 2024, Defendant continued collection efforts by placing a phone call to Plaintiff regarding the alleged debt, in violation of 15 U.S.C. § 1692c(c).

15. On or about November 11, 2024, Defendant continued collection efforts by forwarding correspondence to Plaintiff via mail attempting to collect the alleged debt by offering several payment options, in violation of 15 U.S.C. § 1692c(c).

16. On or about December 4, 2024, Defendant continued collection efforts by sending text message communication to Plaintiff stating, "BRANDON, settle your account for less than you owe. Call Credit Control debt collector 888-695-1599 or http://MyCCL.co?ID=81139490 Type STOP to optout, in violation of 15 U.S.C. § 1692c(c).

17. Plaintiff has suffered actual damages as a result of the illegal debt collection communications by Defendant in the form of intrusion upon seclusion, invasion of privacy, loss of money (postage), loss of productive time, decreased ability to focus on tasks while at work, frustration, emotional distress, anger and anxiety, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. §1692c(c)

18. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

19. Defendant's debt collection efforts violated the FDCPA, particularly §1692c(c) states:

    > (a) If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-
    >   (1) to advise the consumer that the debt collector's further efforts are being terminated;
    >   (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
    >   (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
    >
    > If such notice from the consumer is made by mail, notification shall be complete upon receipt.

20. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

21. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI. **JURY DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

                           Respectfully submitted,

Dated: January 15, 2025        By: s/ Tiffany Hill
                                   Tiffany Hill, Esq. (OBA# 31332)
                                   PO Box 803672
                                   Dallas, TX 75380
                                   (405) 456-9406
                                   thlegalconsulting@gmail.com
                                   *ATTORNEY FOR PLAINTIFF*